UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00159-TBR

**FILED**
VANESSA L. ARMSTRONG, CLERK
MAR 25 2015
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# STEPHANIE GALE HARMAN

v.

# WESTERN BAPTIST HOSPITAL AND BAPTIST HEALTHCARE SYSTEM, INC.

# JURY INSTRUCTIONS

1

## INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff Stephanie Gale Harman has proved her case against the Defendants Western Baptist Hospital and Baptist Healthcare System, Inc. ("BHS") by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

The attorneys for Harman and BHS may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life. All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight members of the jury must agree on any answer to the question and on the verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 1

### Brief Overview

This case arises under the Family and Medical Leave Act (FMLA). This federal law entitles eligible employees to leaves of absence for specified reasons. Plaintiff Stephanie Gale Harman claims that Defendants Western Baptist Hospital and Baptist Healthcare System, Inc. retaliated against Harman for exercising her rights under the FLMA. BHS denies Harman's claim and states that it has a legitimate, non-retaliatory reason for any adverse employment action.

## INSTRUCTION NO. 2

### Weighing the Evidence; Credibility of Witnesses

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be based on the evidence in the case.

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

# INSTRUCTION NO. 3

## Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. "Expert witnesses" are an exception to this rule. Witnesses who, by education and experience, have become experts in some art, science, profession, or calling, may state their opinions as to relevant and material matters in which they profess to be an expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by the other evidence, you may disregard the opinion entirely.

## INSTRUCTION NO. 4

### Juror Notes

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes are not evidence and have no greater weight than your memory or the memory of your fellow jurors. Jurors should not be influenced by another juror's notes.

## INSTRUCTION NO. 5

### Definition of "Preponderance of the Evidence"

The term "preponderance of the evidence" as used in these instructions deserves additional explanation. To establish by the "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## INSTRUCTION NO. 6

### The Family and Medical Leave Act

The Family and Medical Leave Act provides eligible employees the right to take a total of twelve weeks of unpaid leave per year: (1) to care for a newborn child, (2) to care for a child placed with the employee through adoption or foster care, (3) to care for an immediate family member with a "serious health condition," or (4) to care for the employee's own "serious health condition" that renders the employee unable to perform his or her work functions. After the period of qualified leave expires, the employee generally is entitled to be reinstated to the former position or an equivalent one with the same benefits and terms of employment that existed before the employee took the leave.

The FMLA protects employees in the event they are discriminated or retaliated against for exercising their rights under the FMLA. The FMLA prohibits action by an employer to discriminate or to retaliate against an employee for the exercise of rights created by the FMLA.

## INSTRUCTION NO. 7

### Retaliation under The Family and Medical Leave Act

In order for Harman to prove that BHS retaliated against her because she took leave, Harman must establish the following evidence by a preponderance of the evidence:

(1) that she engaged in an activity protected by the Act; taking leave under the FMLA is a protected activity, and the parties agree that Harman engaged in protected activity;

(2) that BHS thereafter took an adverse employment action to Harman; and

(3) that there was a causal connection between the protected activity and the adverse employment action.

An adverse employment action is any type of action that would have made a reasonable employee reluctant to exercise her FMLA [ML] rights. Put another way, if a reasonable employee would be less likely to exercise her FMLA rights because she knew that BHS would take a certain action, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to exercise FMLA rights, it is not an adverse employment action.

To show the causal connection between the protected activity and the adverse employment action, Harman must show that the reason given for any adverse employment action was not the true reason, and that the true reason for any adverse employment action was that she took a medical leave. In this case, BHS claims that any adverse employment action was not taken because of Harman's FMLA protected activity, but because BHS eliminated Harman's Charge Analyst position as part of change in process it made for business reasons.

An employer may not take an adverse action against an employee because of the employee's FMLA protected activity. But an employer may take an adverse employment action for any other reason, good or bad, fair or unfair. If you believe BHS's reason for its decision,

10

and you find that BHS did not make its decision because of Harman's FMLA protected activity, you must not second guess that decision, and you must not substitute your own judgment for BHS's judgment – even if you do not agree with it.

In order to prevail on her retaliation claim, Harman must also prove, by a preponderance of the evidence, that BHS's stated reason for taking any adverse employment action against Harman is not the true reason, but merely a pretext for retaliation. That means that the true reason for any adverse employment action was not the reason stated by BHS, but rather the reason was Harman's FMLA protected activity.

However, Harman must prove by a preponderance of the evidence that any adverse employment action would not have occurred had she not engaged in FMLA protected activity.

If you decide that Harman has proved this by a preponderance of the evidence, you must render a verdict in favor of Harman. Do so by marking "YES" on Verdict Form No. 1. If you decide Harman has not proved this by a preponderance of the evidence, you must render a verdict in favor of BHS. Do so by marking "NO" on Verdict Form No. 1.

**If you answer "NO" on Verdict Form No. 1, you have completed your work. Please return to the courtroom. If you answer "YES" on Verdict Form No. 1, please proceed to Instruction No. 8.**

## INSTRUCTION NO. 8

### Compensatory Damages

Ladies and gentlemen, it is now necessary to give instructions on the subject of relief which may be available to Harman if you ultimately find that she has proven that she was subjected to an adverse employment action in violation of the Family and Medical Leave Act. The fact that I have instructed you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Harman from a preponderance of the evidence in accordance with the other instructions.

If you decided in favor of Harman on Verdict Form No. 1, you must determine the amount that is fair compensation for her damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate her for the damages that she has suffered. You may award compensatory damages only for injuries that Harman proves were caused by BHS's allegedly wrongful conduct.

In this case Harman is requesting wages, salary, and employment benefits that she would have earned in her employment with BHS if there had not been an adverse employment action, through the date of any verdict, and such damages in the future, minus the amount of earnings and benefits from other employment she has received or she may receive in the future.

You are also instructed that Harman has a duty under the law to "mitigate" her damages-- that is, to exercise reasonable diligence under the circumstances to minimize the harm she suffered. Therefore, if you find by the preponderance of the evidence that Harman failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce the

damages she would otherwise be entitled to receive by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Harman prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Please enter the amount of your verdict for compensatory damages, if any, on Verdict Form No. 2.

**When you have completed Verdict Form No. 2, your verdict is now complete. Please return to the courtroom.**

## VERDICT FORM NO. 2

Do you find that Plaintiff Harman should be awarded damages?

YES _____                    NO _____

_____        _____
Foreperson Signature                 Date

We award Plaintiff Stephanie Gale Harman the following sum of money:

Wages, salary, and employment benefits that you believe Harman would have earned from BHS during the period between the end of her employment and March 23, 2015, less any compensation benefits Harman earned from other employment during this time and any damages Harman could have avoided.    $_____

Wages, salary, and employment benefits that you believe Harman would have earned from BHS in the future, less any compensation benefits Harman would have earned from other employment during this time

15

and any damages that Harman could have avoided.      $_____

TOTAL:                                                $_____

_____          _____
Foreperson Signature                          Date

**Your verdict is now complete.  Please return to the courtroom.**

16